FILED

08 APR 28 PM 4: 22

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHONDA HAITH,<br><br>                    Defendant-Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NO. 07-CV-1881 W<br>                    06-CR-1970 W<br><br>**ORDER DENYING**<br>**PETITION FOR WRIT OF**<br>**HABEAS CORPUS** |

On September 26, 2007, Petitioner Rhonda Haith ("Petitioner"), a federal prisoner proceeding *pro se*, commenced this Section 2255 habeas corpus proceeding. Respondent United States of America ("Respondent") opposes. The Court decides the matter on the papers submitted and without oral argument. See Civil Local Rule 7.1 (d.1). For the reasons stated below, the Court **DENIES** the petition (Doc. No. 43).

//

//

## I.   BACKGROUND

On August 8, 2006, Petitioner was arrested for attempting to import into the United States approximately 61.15 kilograms (134.53 pounds) of marijuana. The next day, a complaint was filed against Petitioner charging her with importation of marijuana in violation of 21 U.S.C. § 952 and 960.   Petitioner waived indictment, and an Information was filed against her on September 9, 2006.

Petitioner entered a written plea agreement with Respondent.  On March 12, 2007, Petitioner was sentenced to 18 months in custody.

On September 26, 2007, Petitioner initiated these proceedings. Petitioner's sole ground for relief appears to be that she did not understand the plea agreement.

## II.   DISCUSSION

Petitioner waived her right to collaterally attack her sentence in the plea agreement.  Courts have repeatedly upheld the validity of appeal waivers finding that "public policy strongly supports plea agreements." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990); see also Brady v. United States, 397 U.S. 742, 752 n. 10 (1970); United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990).  Courts will enforce a Petitioner's appeal waiver if (1) the waiver is knowingly and voluntarily made; and (2) the waiver, by its terms, waives the right to appeal. United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000).

First, a valid waiver requires that the Petitioner agreed to its terms knowingly and voluntarily.  See id.  A reviewing court looks to the circumstances that surround the plea agreement's signing and entry to determine whether a defendant agreed to its terms knowingly and voluntarily.  See United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 2000).

In the present case, Petitioner entered into the plea agreement with her attorney's advice and consent. (Doc. No. 13, p.1.) Petitioner represented that her plea was knowing and voluntary. (Id., pp.5–6, 12.) Petitioner also represented that she was

1  satisfied with her attorney's performance. (Id., p.12.)  Furthermore, the disposition

2  hearing transcript confirms that Petitioner's plea was knowing and voluntary. (See

3  Doc. No. 50, Ex. C, pp.2–12.) And contrary to Petitioner's current claim, Petitioner

4  confirmed during the hearing that she was not on any drugs or medication, and nothing

5  else was occurring that would make it difficult for her to understand the plea

6  agreement.  (Id., p.2.)  Thus, the Court concludes that Petitioner knowingly and

7  voluntarily agreed to waive her right to appeal or collaterally attack the sentence.

8        Second, a valid waiver must also explicitly state that Petitioner is waiving her

9  right to appeal. See Nunez, 223 F.3d at 958. A reviewing court applies contract

10  principles, including the parole evidence rule. See United States v. Ajugwo, 82 F.3d

11  925, 928 (9th Cir. 1996).  Under the parole evidence rule, a court enforces the

12  contract's plain language and does not look to "extrinsic evidence. . . to interpret. . . the

13  terms of an unambiguous written instrument." Wilson v. Arlington Co. v. Prudential

14  Ins. Co. Of Am., 912 F.2d 366, 370 (9th Cir. 1990).

15        Here, the plea agreement explicitly states:

16  In exchange for the Government's concessions in this plea agreement,
    defendant waives, to the full extent of the law, any right to appeal or to
17  collaterally attack the conviction and sentence, including any restitution
    order, unless the court imposes a custodial sentence greater than the high
18  end of the guideline range (or statutory mandatory minimum term, if
    applicable) recommended by the Government pursuant to this agreement
19  at the time of sentencing. If the custodial sentence is greater than the
    high end of that range, the defendant may appeal, but the Government
20  will be free to support on appeal the sentence actually imposed.  If
    defendant believes the Government's recommendation is not in accord
21  with this agreement, defendant will object at the time of sentencing;
22  otherwise the objection will be deemed waived

24  (Doc. No. 13, p.10.) Thus, Petitioner agreed to waive collateral attack so long as the

25  Court did not impose a sentence longer than that for the high end of the offense level

26  recommended by the Government.  Here, Petitioner was sentenced to 18 months in

27  custody, which represents the low end of the Guideline range recommended by

28  Respondent.  Because Petitioner's sentence did not exceed the high end of the

1   recommended offense level, the terms of her plea agreement bar this collateral attack.

2   The Court is, therefore, prevented from granting the habeas relief requested herein.

3

4   III.   CONCLUSION AND ORDER

5        In light of the foregoing, the Court **DENIES** Petitioner's petition for writ of

6   habeas corpus (Doc. No. 43).  The Clerk of the Court shall close the district court file.

7

8        **IT IS SO ORDERED.**

9

10  **DATE: April 28, 2008**

11                                          HON. THOMAS J. WHELAN
                                            United States District Court
12                                          Southern District of California

13

14  CC: ALL PARTIES AND COUNSEL OF RECORD

15

16

17

18

19

20

21

22

23

24

25

26

27

28